IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00293-CMA-MEH

ERIC ANDRE,
SHELDON DUNCAN,
ANGEL FLORES,
JASON ANDRE, and
TIM CHASE,
JASON WEBER,
FRED GAEL,
JAMES GARCIA, individually and on behalf of others similarly situated,

      Plaintiffs,

v.

BROWN BROTHERS ASPHALT AND CONCRETE, INC., individually,

      Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte* due to the failure of certain Plaintiffs prosecute this action. For the reasons described below, the Court recommends that Plaintiffs Jason Weber and James Garcia be dismissed from this action without prejudice.

## BACKGROUND

This collective action was initiated on February 3, 2012. On April 24, 2012, the Court converted the previously scheduled Scheduling Conference to a Status Conference and discussed with the parties at that time substitution of counsel and amendment of the complaint. (Docket #24.) The above-mentioned Plaintiffs were added with the Amended Complaint filed May 2, 2012 and are proceeding *pro se*. The Court held another Status Conference on May 22, 2012 and reset the

Scheduling Conference for July 9, 2012. (Docket #41.) Due to a conflict in the Court's calendar, the Court issued an order on June 26, 2012 resetting the Scheduling Conference to July 16, 2012. (Docket #49.)

On July 9, 2012, the parties filed a proposed Scheduling Order in which they state that the Rule 26(f) meeting occurred on June 18, 2012, and that only counsel for the parties participated in the meeting. (Docket #57.) They add that counsel for the Plaintiffs and Defendant conferred again on July 9, 2012 regarding the "issues." (*Id.*) Counsel for the Plaintiffs asserts in the Statement of Claims section that she was unable to contact Mr. Garcia, but she contacted Mr. Weber who told her he would appear at the Scheduling Conference to discuss his appearance in the case. Thus, it appears that neither Mr. Weber nor Mr. Garcia participated in the Rule 26(f) conference.

At the Scheduling Conference on July 16, 2012, counsel for Plaintiffs informed the Court that she had spoken with Mr. Weber about the conference and understood that he would appear. She also stated that she had not spoken with or heard from Mr. Garcia. Despite counsel's representations regarding Mr. Weber, neither he nor Mr. Garcia appeared. (Docket #58.)

As noted on the record, the Court issued an Order to Show cause on July 17, 2012, directing Mr. Weber and Mr. Garcia to show cause in writing and filed with the Court as to why the Court should not recommend dismissal of their claims for failure to prosecute this action. (Docket #59.) The Court ordered Mr. Weber and Mr. Garcia to respond by July 27, 2012, and noted that failure to comply with the terms of the order would result in a recommendation of dismissal without further notice. (*Id*. at 2.) As of this date, neither Plaintiff has filed a response, nor any motion requesting an extension of time within which to do so.

## **DISCUSSION**

Although the above-referenced Plaintiffs are proceeding in this case without an attorney, they bear the responsibility of prosecuting this case with due diligence. Plaintiffs were ordered to appear at the July 16, 2012 Scheduling Conference. While Plaintiffs' counsel and counsel for the Defendant were present, Mr. Weber and Mr. Garcia were not. As a result of their failure to appear at the Scheduling Conference and failure to participate in the Rule 26(f) conference, the Court directed Plaintiffs to file a written response explaining their respective absences. Both Plaintiffs failed to do so. Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure and Court orders that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Hawkinson v. Montoya*, 283 F. App'x 659, 662 n.2 (10th Cir. July 7, 2008) (citing *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007)).

When evaluating grounds for dismissal of an action, the Court looks to the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

Regarding the first factor, the failure of Plaintiffs to participate in the Rule 26(f) conference and to appear at the July 16, 2012 Scheduling Conference adversely impacted Defendants and other Plaintiffs by preventing the Court from fully and completely addressing the issues discussed at those settings. Additionally, the necessity in issuing an Order to Show Cause increases the workload of the Court and interferes with the administration of justice. Plaintiffs' non-compliance with the judicial process by failing to appear at scheduled settings and failing to comply with the Court's orders flouts the Court's authority in satisfaction of the second factor, similar to the Tenth Circuit's determination in *Ehrenhaus*.

In evaluating the third factor, the Court expressly ordered Plaintiffs Weber and Garcia to respond to the Order to Show Cause on or before July 27, 2012. Thus far, they have not done so. The record of Plaintiffs' failures to participate in the litigation leads the Court to believe Plaintiffs are culpable under these circumstances. Furthermore, the Court's Order to Show Cause asked the Plaintiffs named therein to explain why the Court should not recommend their dismissal from this lawsuit for failure to prosecute the action, and warned Plaintiffs explicitly that failure to respond would result in a recommendation of dismissal. Thus, the fourth factor is satisfied.

In consideration of the fifth factor regarding efficacy of lesser sanctions, the Court recommends dismissal without prejudice. Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort," particularly in *pro se* cases. *Ehrenhaus*, 965 F.2d at 920; *see Butler v. Butierres*,

227 F. App'x 719, 720 (10th Cir. Feb. 2, 2007) (remanding dismissal with prejudice for determination of willfulness); *see also Cosby v. Meadors*, 351 F.3d 1324, 1334 (stating, "We caution, however, that our review of Plaintiff's egregious misconduct should not be interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice.").

The above-referenced Plaintiffs have failed to prosecute this case with due diligence by failing to participate in the Rule 26(f) conference, failing to appear at scheduled settings, and failing to respond to the Court's Order to Show Cause. For these reasons, dismissal of Plaintiffs Weber and Garcia without prejudice is warranted.

## **CONCLUSION**

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), I hereby RECOMMEND that the District Court dismiss Plaintiffs Jason Weber and James Garcia without prejudice for failure to prosecute this action and for failure to comply with the Court's orders.

Dated at Denver, Colorado, this 15th day of August, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge